1  FRANK N. DARRAS #128904  Frank@DarrasLaw.com
2  SUSAN B. GRABARSKY #203004  SGrabarsky@DarrasLaw.com
   PHILLIP S. BATHER #273236  PBather@DarrasLaw.com
3  
   DarrasLaw
4  3257 East Guasti Road, Suite 300
   Ontario, California 91761-1227
5  Telephone:  (909) 390-3770
6  Facsimile:  (909) 974-2121

7  Attorneys for Plaintiff
   ROBERT CLOSE
8

9                     UNITED STATES DISTRICT COURT

10          CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| ROBERT CLOSE, | Case No: |
| Plaintiff, | COMPLAINT FOR BENEFITS UNDER AN EMPLOYEE WELFARE BENEFIT PLAN |
| vs. | |
| LIFE INSURANCE COMPANY OF NORTH AMERICA; TRADER INTERACTIVE, LLC GROUP SHORT TERM DISABILITY PLAN; and, TRADER INTERACTIVE GROUP LONG TERM DISABILITY PLAN, | |
| Defendants. | |

Plaintiff alleges as follows:

1.      This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 1132(a), (e), (f), and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101, et seq. (hereafter "ERISA") as it involves claims by Plaintiff for disability benefits under employee benefit plans regulated and governed under ERISA.  Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.

2.      The ERISA statute at 29 U.S.C. § 1133, in accordance with Regulations of

the Secretary of Labor, provides a mechanism for internal appeal of benefit denials. Those avenues of appeal have been exhausted.

3. Plaintiff is informed and believes and thereon alleges that the Trader Interactive, LLC Group Short Term Disability Plan ("STD Plan") and the Trader Interactive, LLC Group Long Term Disability Plan ("LTD Plan") (collectively, the "Plans") are employee welfare benefit plans established and maintained by Trader Interactive, LLC ("TRADER"), to provide its employees and those of its subsidiaries and affiliates, including Plaintiff, ROBERT CLOSE ("Plaintiff" and/or Mr. CLOSE"), with income protection in the event of a disability and is the Plan Administrator for the Plans.

4. Plaintiff alleges upon information and belief that Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA"), is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of Pennsylvania, authorized to transact and transacting the business of insurance in this state, and, the insurer and Claims Administrator for the Plans.

5. Plaintiff alleges that venue is proper in this district as at all relevant times Plaintiff was a resident of Riverside County and citizen of the state of California, an employee of TRADER, its successors, affiliates and/or subsidiaries, and a participant in the Plans.

6. Plaintiff further alleges that venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) in that defendant LINA, who fully insured LTD Plan and who is ultimately liable if Plaintiff is found disabled, may be found in this district. Since on or about November 1, 1956, LINA has been registered as a corporation with the state of California, has extensive contacts within the state, employs California residents, conducts ongoing business within the state and therefore, may be found within the state.

7. Plaintiff further alleges that venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) in that defendant Trader Interactive, LLC Group Short Term Disability Plan, who fully insured the STD Plan and who is ultimately liable if Plaintiff is

found disabled, has extensive contacts within the state, employs California residents, conducts ongoing business within the state and therefore, may be found within the state.

8. Based upon information and belief, Plaintiff alleges that at all relevant times herein Plaintiff was covered under group short term disability plan number SHD-0963021, and group long term disability policy number LK-965410 ("LTD Policy") that had been issued by Defendant LINA to TRADER to insure its LTD Policy, and the eligible participants and beneficiaries of the LTD Policy, including Plaintiff.

9. The subject STD Plan promised to pay Plaintiff weekly short term disability benefits for a specified period of time should Plaintiff become disabled.

10. The subject LTD Plan & Policy promised to pay Plaintiff monthly long term disability benefits for a specified period of time should he become disabled. Therefore, LINA both funds and decides whether claimants will receive benefits under the LTD Policy and as such suffers from a structural conflict which requires additional skepticism.

11. Based upon information and belief, Plaintiff alleges that, according to the terms of the Plans, if Plaintiff became disabled, TRADER and LINA (collectively, "Defendants") promised to pay short term disability benefits and long term disability benefits to Plaintiff per the terms of the Plans.

12. Prior to his disability under the terms of the Plans, Plaintiff, who had been employed with TRADER, was working as an Advertising Sales Account Executive.

13. On or about November 26, 2018, Plaintiff became disabled as defined by the terms of the Plans and timely submitted a claim to Defendants for payment of disability benefits.

14. However, on or about April 23, 2019, Defendants unreasonably and unlawfully denied his short term disability claim. And, on or about April 8, 2020 and June 10, 2021, Defendants unreasonably and unlawfully upheld its denial of the short term disability claim.

15. Additionally, on or about on or about May 14, 2020, LINA unreasonably and unlawfully denied his long term disability claim. And, on or about June 10, 2021, LINA unreasonably and unlawfully upheld its denial of the long term disability claim.

16. According to Defendants' denial letters:

- **April 23, 2019:** "After completing our review of your claim, we are unable to approve your claim for benefits."
- **May 14, 2020:** "After completing our review of your claim, we are unable to approve your claim for benefits. …You have the right to bring a legal action for benefits under the Employee Retirement Income Security Act of 1974 (ERISA) section 502(a) following an adverse benefit determination on appeal."
- **June 10, 2021:** "After completing our review, we must uphold our previous decision to deny Mr. Close's STD and LTD claims. …At this point in time you have exhausted all administrative levels of appeal and no further appeals will be considered…Please note that you have the right to bring a legal action for benefits under the Employee Retirement Income Security Act of 1974 (ERISA) section 502(a) following an adverse benefit determination on appeal."

17. In so doing, Defendants unreasonably and unlawfully failed to timely identify the medical personnel who reviewed Plaintiff's file; relied upon the opinions of physicians who were financially biased and/or not qualified to refute the findings of Plaintiff's board certified physicians; relied strictly upon physical requirements of occupations instead of taking into consideration the non-exertional requirements of Plaintiff's regular, or any, occupation; and misrepresented the terms of the Plans.

18. Additionally, Defendants knew, or should have known, that the documentation submitted to and/or obtained by Defendants clearly substantiated Plaintiff's disability and entitled him to benefits under the Plans.

19. To date, even though Plaintiff has been disabled, Defendants have not

paid Plaintiff any disability benefits under the Plans. The unlawful nature of Defendants' denial decision is evidenced by, but not limited to, the following:

- Defendants engaged in procedural violations of its statutory obligations under ERISA, including, but not limited to, failing to promptly identify the medical consultants who reviewed his file; failing to timely advise Plaintiff of what specific documentation it needed from him to perfect his claims; and
- Defendants ignored the obvious, combed the record, and took selective evidence out of context as a pretext to deny Plaintiff's claims; and
- Defendants ignored the opinions of Plaintiff's board certified treating physicians and/or misrepresented the opinions of Plaintiff's treating physicians.  Deference should be given to the treating physicians' opinions as there are no specific, legitimate reasons for rejecting the treating physicians' opinions which are based on substantial evidence in the claim file.  Further, Defendants' highly conflicted physicians' opinions do not serve as substantial evidence as they are not supported by evidence in the claim file nor are they consistent with the overall evidence in the claim file.

20.   Additionally, ERISA imposes higher-than-marketplace quality standards on insurers and administrators. It sets forth a special standard of care upon a plan administrator, namely, that the administrator "discharge [its] duties" in respect to discretionary claims processing "solely in the interests of the participants and beneficiaries" of the plan, § 1104(a)(1); it simultaneously underscores the particular importance of accurate claims processing by insisting that administrators "provide a 'full and fair review' of claim denials," *Firestone*, 489 U.S., at 113 (quoting § 1133(2)); and it supplements marketplace and regulatory controls with judicial review of individual claim denials, see § 1132(a)(1)(B).

21.   As a direct and proximate result of Defendants' failure to provide Plaintiff with disability benefits, Plaintiff has been deprived of said disability benefits owed under the Plans since on or about December 11, 2018.

32. As a further direct and proximate result of the denial of benefits, Plaintiff has incurred attorney fees and costs to pursue this action, and is entitled to have such fees and costs paid by defendants pursuant to 29 U.S.C. § 1132(g)(1), ERISA § 502(g)(1).

33. A controversy now exists between the parties as to whether Plaintiff is disabled as defined in the Plans. Plaintiff seeks the declaration of this Court that he met the Plans' definitions of disability and consequently is entitled to all benefits from the Plans to which he might be entitled while receiving disability benefits, with reimbursement of all expenses and premiums paid for such benefits from the beginning of his claim. In the alternative, Plaintiff seeks a remand for a determination of Plaintiff's claim consistent with the terms of the Plans.

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. An award of benefits in the amount not paid Plaintiff beginning on or about December 11, 2018, together with interest at the legal rate on each weekly and monthly payment from the date it became due until the date it is paid; plus all other benefits from the Plans to which he might be entitled while receiving disability benefits, with reimbursement of all expenses and premiums paid for such benefits or, in the alternative, a remand for a determination of Plaintiff's claim consistent with the terms of the Plans;

2. An order determining Plaintiff is entitled to disability payments/benefits so long as he remains disabled as defined in the Plans;

3. For reasonable attorney fees and costs incurred in this action; and,

4. For such other and further relief as the Court deems just and proper.

Dated: November 2, 2021

DarrasLaw



PHILLIP S. BATHER
Attorneys for Plaintiff
ROBERT CLOSE